IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00387 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PHILLIP WHITE, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |       United States District Judge |
| Defendants. | ) | |

Plaintiff Jeffrey Coleman, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, against Warden White, Dr. Smith, and Nurse Burchett, alleging that he was denied constitutionally adequate medical treatment. This matter is before the court on Coleman's motion for sanctions (ECF No. 27) against the attorneys representing the defendants in this action. *See* Fed. R. Civ. P. 11(c). In his motion, Coleman asserts that defense counsel improperly argued that Coleman had not shown that he was likely to suffer imminent and irreparable harm regarding his motion seeking preliminary injunctive relief.[1] Finding no basis to grant the relief Coleman seeks, the court will deny the motion for sanctions.

Rule 11(b) provides that by presenting a signed filing to the court, the filing party represents to the best of his knowledge, information, and belief that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[1] The court denied Coleman's motion seeking preliminary injunctive relief on February 28, 2022. (*See* ECF No. 38.)

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "[M]aintaining a legal position to a court is only sanctionable when, in applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (quotation omitted). The court has discretion to impose sanctions under Rule 11. *See Ost-West-Handel Bruno Bischoff GmbH v. Project Asia Line, Inc.*, 160 F.3d 170, 177 (4th Cir. 1998) ("The decision to impose sanctions under Rule 11 . . . is within the sound discretion of the trial court." (quotation omitted)).

Coleman has not established that either defense counsel made any misrepresentation in the defendants' opposition to Coleman's request for a preliminary injunction. Coleman bore the burden of demonstrating that he met the requirements to obtain preliminary injunctive relief, including by showing that he was likely to suffer irreparable harm. In their opposition to Coleman's motion, the defendants argued that Coleman failed to meet this burden because his submissions to the court were too vague and speculative to support such a finding that he was likely to suffer irreparable harm absent a preliminary injunction. Indeed, the court agreed and denied Coleman's request for preliminary injunctive relief, finding that he had not clearly shown a likelihood of success on the merits of his claims or that he was likely to suffer

irreparable harm. (*See* ECF No. 38.) Although Coleman may have disagreed with the defendants' arguments in their opposition, his disagreement does not mean that any material misrepresentations were made. After reviewing the record, the court concludes that Coleman has failed to establish any violation of Rule 11, and, therefore, his motion (ECF No. 27) is **DENIED**.

    The clerk is directed to forward a copy of this Order to the parties.

    **ENTERED** this 11th day of August, 2022.

>*/s/ Thomas T. Cullen*
>HON. THOMAS T. CULLEN
>UNITED STATES DISTRICT JUDGE